T.C. Memo. 2012-262

UNITED STATES TAX COURT

PETER KURETSKI AND KATHLEEN KURETSKI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18545-10L.                    Filed September 11, 2012.

        Ps filed a petition for review pursuant to I.R.C. sec. 6330 in
response to R's determination that the levy action was appropriate and
that abatement of additions to tax under I.R.C. secs. 6651(a)(2) and
6654(a) should be denied.

        <u>Held</u>: R's determination to proceed with collection action is
sustained except to the extent modified herein.

        <u>Held</u>, <u>further</u>, Ps are liable for the I.R.C. sec. 6651(a)(2) addition
to tax.

        <u>Held</u>, <u>further</u>, Ps are not liable for the I.R.C. sec. 6654(a)
addition to tax.

[*2]   <u>Frank Agostino</u> and <u>Theodore F. Weltner, III</u>, for petitioners.

   <u>Amitai B. Barth</u> and <u>Robert A. Baxer</u>, for respondent.


### MEMORANDUM FINDINGS OF FACT AND OPINION

   WHERRY, <u>Judge</u>:  This case is before the Court on a petition for review of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).[1]  Petitioners seek review of respondent's determination to proceed with a proposed levy and respondent's denial of their request for abatement of additions to tax.

   The collection action stems from unpaid income taxes petitioners self-reported for the 2007 taxable year on Form 1040, U.S. Individual Income Tax Return, additions to tax under sections 6651(a)(2) and 6654, and interest.  The issues for decision are whether respondent's settlement officer abused her discretion in sustaining the proposed levy action and in denying petitioners' request for abatement of additions to tax under sections 6651(a)(2) and 6654.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect at the relevant time, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## [*3] FINDINGS OF FACT

Some of the facts have been stipulated. The stipulations, with accompanying exhibits, are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Staten Island, New York.

In 2004 the United States arrested petitioners' son. Charges were filed against petitioners' son in Federal court. Petitioners took distributions from their retirement accounts to help pay for legal representation for themselves as well as for their son. At the same time, they used their residence as collateral to secure a release bond in the amount of $1 million for their son. The following year, petitioners withdrew more money from their retirement accounts to pay the prior year's Federal tax liability and to pay living expenses.

On April 15, 2008, petitioners timely filed Form 1040 for the taxable year ending December 31, 2007, reporting a tax liability of $24,991 and a $2,856 withholding credit. Petitioners failed to pay the balance of the tax due with the return. Respondent assessed the tax shown on the return as well as an addition to tax for failure to pay, an addition to tax for underpayment of estimated tax payments, and interest.

On October 13, 2008, respondent issued a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice) showing an amount due of

[*4] $23,601.50.  This notice indicated that respondent intended to levy to collect overdue taxes.  On November 17, 2008, petitioners' representative, Suzanne Ascher, submitted to respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing.  This form requested as a collection alternative an installment agreement or an offer-in-compromise.  The Form 12153 also requested abatement of the additions to tax.

On October 29, 2009, Ms. Ascher met with Settlement Officer Sylvia Irizarry, who had been assigned to conduct petitioners' collection due process hearing.  At the meeting, Ms. Ascher submitted Form 656, Offer in Compromise, in which petitioners offered to pay $1,000 based on doubt as to collectibility as well as effective tax administration.  After this meeting the Appeals case was reassigned to a different settlement officer, Desa Lazar.  On February 8, 2010, petitioners provided Ms. Lazar with a letter again requesting abatement of the additions to tax for reasonable cause and elaborating on their request for an offer-in-compromise.

On April 14, 2010, Ms. Lazar sent Ms. Ascher a letter explaining that the offer-in-compromise was not an acceptable collection alternative.  Ms. Lazar determined that the pledge of their house as collateral to secure their son's bail did not affect petitioners' equity in their residence for the purposes of determining

[*5] reasonable collection potential.  The letter gave Ms. Ascher 10 days to respond; otherwise Ms. Lazar would close the case on the basis of the record at that time.  Despite the passing of the 10-day deadline, Ms. Lazar did not close the case.

On April 27, 2010, Ms. Ascher and Ms. Lazar spoke by telephone.  Ms. Ascher asked about the abatement request, and Ms. Lazar said she would research the issue.  Ms. Ascher also inquired as to a possible partial payment installment agreement, but Ms. Lazar said such an agreement would not be possible given petitioners' assets.  Ms. Lazar stated that a full payment installment agreement of $250 per month for the length of the period of limitations on collection might be acceptable.  Ms. Lazar requested that Ms. Ascher respond by May 7, 2007, with a request for abatement and an installment agreement.

Ms. Ascher did not get back to Ms. Lazar until June 8, 2010, despite several messages left by Ms. Lazar stating that she would agree to a full payment installment payment agreement of $250 per month.  On June 8, Ms. Lazar reiterated that she could not accept a partial payment installment agreement and that the most she was willing to do was abate penalties and enter a full payment installment agreement.  Ms. Lazar agreed to meet with Ms. Ascher and petitioners.  Ms. Ascher and petitioners hoped that if Ms. Lazar met petitioners in person she

[*6] would reconsider her decision not to accept an offer-in-compromise based on effective tax administration.

On June 28, 2010, Ms. Lazar met with Ms. Ascher and petitioners. At this meeting, Ms. Lazar again explained that petitioners' financial situation did not warrant an offer-in-compromise based on doubt as to collectibility or effective tax administration. Ms. Lazar again stated that she would agree to an abatement of penalties as well as a full payment installment agreement but that they could discuss another amount. By the end of the meeting, petitioners recognized that the only option moving forward was a full payment installment agreement. Petitioners did not accept the offer at the meeting. Ms. Ascher and Ms. Lazar spoke several times after the in-person meeting, but petitioners never definitively accepted Ms. Lazar's proposed installment agreement.

On July 7, 2010, after giving petitioners ample opportunity to accept the full payment installment agreement, Ms. Lazar closed the Appeals case, determining that petitioners could fully pay the tax liability. On July 20, 2010, the Internal Revenue Service (IRS) Appeals Office sent petitioners the notice of determination sustaining the proposed levy action. Petitioners timely petitioned this Court for review. A trial was held on September 13, 2011, in New York, New York.

## [*7] OPINION

I.       Determination of Collection Action

Section 6331(a) authorizes the Commissioner to levy upon property or property rights of a taxpayer liable for taxes if the taxpayer fails to pay those taxes within 10 days after notice and demand for payment.  Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to an unpaid tax liability only if the Commissioner has given written notice to the taxpayer 30 days before the levy.  Section 6330(a) requires the Commissioner to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy.

If an administrative hearing is requested in a levy case, the hearing is to be conducted by the Appeals Office.  Sec. 6330(b)(1).  At the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(c)(1).  The taxpayer may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the proposed levy, and alternative means of collection.  Sec. 6330(c)(2)(A); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).  Taxpayers are expected to provide all relevant information

**[\*8]** requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing. Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

Where the underlying liability is not in issue, the Court reviews the determination of the Appeals officer for abuse of discretion. Alessio Azzari, Inc. v. Commissioner, 136 T.C. 178, 184 (2011). Among the issues that may be raised at Appeals and are reviewed for abuse of discretion are "offers of collection alternatives" such as installment agreements. Sec. 6330(c)(2)(A)(iii). The Court reviews the Appeals officer's rejection of collection alternatives to decide whether the rejection was arbitrary, capricious, or without sound basis in fact or law and therefore an abuse of discretion. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Section 7122(a) authorizes the Commissioner to compromise any civil case arising under the internal revenue laws. In general, the decision to accept or reject an offer, as well as the terms and conditions agreed to, are left to the discretion of the Commissioner. Sec. 301.7122-1(c)(1), Proced. & Admin. Regs.

The grounds for compromise of a tax liability are doubt as to liability, doubt as to collectibility, and promotion of effective tax administration. Sec. 301.7122-

**[\*9]** 1(b), Proced. & Admin. Regs.  Petitioners based their offer-in-compromise on doubt as to collectibility and effective tax administration.  Ms. Lazar rejected both reasons.  Petitioners do not contend that Ms. Lazar abused her discretion in rejecting their offer-in-compromise.  Rather, petitioners allege that they reached an enforceable contract with IRS Appeals for an installment agreement.

Section 6159 authorizes the IRS to enter into written agreements allowing taxpayers to pay tax in installment payments if it deems that the "agreement will facilitate full or partial collection of such liability."  Petitioners do not meet the requirements of section 6159(c), which obligates the IRS to accept full payment installment agreements in certain circumstances.[2]  In all other cases, the decision to accept or reject installment agreements lies within the discretion of the Commissioner.  Sec. 301.6159-1(a), (b)(1), (c)(1)(I), Proced. & Admin. Regs.  Ms. Lazar was not obligated to accept an installment agreement.  Nothing in the record indicates that the parties reached a final agreement as to the terms of any installment payment agreement.  In particular, Ms. Lazar and Ms. Ascher never

---

[2]Specifically, the liability at issue without regard to penalties, interest, and additions to tax cannot exceed $10,000, and the agreement must provide for full payment within three years.  Sec. 6159(c)(1), (4).  Petitioners' liability exceeds $10,000, and the agreement called for payments to continue for well beyond three years.

[*10] agreed as to the amount of the initial payments.  There was never a full meeting of the minds and thus no agreement to enforce.[3]

Petitioners contend, in the alternative, that Ms. Lazar abused her discretion by issuing the notice of determination without informing petitioners that she rejected a proposed installment agreement of $150 per month for the first 6 to 12 months and $250 per month thereafter.  Ms. Ascher stated that she called Ms. Lazar shortly after the June 28, 2010, meeting and said that petitioners were willing to pay $150 per month for the first 6 to 12 months, then $250 per month thereafter.  Ms. Ascher claimed that Ms. Lazar said she would consider that offer.  Ms. Ascher did not provide or make any contemporaneous written notes about this offer.  Ms. Lazar explained that she does not recall the offer, and her contemporaneous notes do not reflect any such offer.

While this Court does not believe either witness testified falsely as to her memory, the weight of the evidence supports respondent.  Ms. Lazar's notes show that she took a firm stance on the amount of the monthly payment early on in the collection due process hearing.  Her decision to close the case appears to be based in large part on petitioners' continued attempts to negotiate her collection

---

[3]Because we find that the parties did not reach an agreement, we need not decide whether such an agreement is enforceable by this Court.

[*11] alternative offer down from that firm stance.  An Appeals officer is not obligated to negotiate indefinitely or wait any specific time before issuing a determination.  See Kreit Mech. Assocs., Inc. v. Commissioner, 137 T.C. 123, 134 (2011); Clawson v. Commissioner, T.C. Memo. 2004-106.  Thus, Ms. Lazar did not abuse her discretion when she closed the case after petitioners failed to accept the proffered $250 per month installment agreement.

Petitioners further contend that the Court should remand the case to Appeals for further negotiations.  The gist of this argument is that the parties were so close to agreement that remand would result in settlement.  Petitioners argue that we need not find an abuse of discretion to remand to Appeals.  Remand may be appropriate even where the Commissioner did not abuse his discretion if the taxpayer was not afforded "a proper hearing and the new hearing is necessary or will be productive."  Kelby v. Commissioner, 130 T.C. 79, 86 n.4 (2008).  Finally, remand may, in some limited circumstances, be appropriate where it would be helpful because of "a material change in a taxpayer's factual circumstances".  Churchill v. Commissioner, T.C. Memo. 2011-182.  Here, the record reveals that the hearing provided to petitioners was proper, and petitioners have not provided any information documenting a change in factual circumstances for which remand would be helpful.  To remand the case under these circumstances would be

[*12] tantamount to pressuring respondent and actively taking petitioners' side in the negotiations, a role we should not as a court and neutral arbitrator undertake.

Ms. Lazar considered and rejected petitioners' request for an offer-in-compromise. The parties never finalized an installment agreement. Ms. Lazar determined that petitioners could fully pay the tax liability. She determined that the levy appropriately balanced the need for efficient collection with petitioners' concern that collection be no more intrusive than necessary. Her determination was not arbitrary, capricious, or without sound basis in fact or law. Therefore, Ms. Lazar did not abuse her discretion in sustaining the levy action.

## II.     Abatement of Additions to Tax

Section 6330(c)(2)(B) provides that a taxpayer may raise at the Appeals hearing challenges to the existence or amount of the underlying tax liability if the taxpayer did not receive a notice of deficiency for the liability or did not otherwise have an opportunity to dispute the liability. A taxpayer's underlying tax liability includes additions to tax. See Katz v. Commissioner, 115 T.C. 329, 339 (2000). Petitioners did not have a previous opportunity to contest the additions to tax and raised the issue of their liability for the section 6651(a)(2) and 6654 additions to tax before the levy hearing. We therefore review de novo respondent's determination

[*13] that petitioners are liable for these additions to tax. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182.

Respondent bears the burden of production with respect to the additions to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet this burden, respondent must produce sufficient evidence establishing that it is appropriate to impose the addition to tax. See Higbee v. Commissioner, 116 T.C. at 446. The burden of establishing that the deficiency was due to reasonable cause rather than willful neglect remains with petitioners. See id. at 447; Davis v. Commissioner, 81 T.C. 806, 820 (1983), aff'd without published opinion, 767 F.2d 931 (9th Cir. 1985).

A. Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on the taxpayer's Federal income tax return unless the failure is due to reasonable cause and not due to willful neglect. Respondent produced transcript records, Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, establishing that petitioners did not pay the full amount of tax shown due on their 2007 tax return. Thus, respondent has met his burden of production, and petitioners bear the burden of proving reasonable cause rather than willful neglect. See sec. 6651(a)(2); Higbee v. Commissioner, 116 T.C. at 447. Reasonable cause

**[\*14]** requires "a satisfactory showing that * * * [the taxpayer] exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship * * * if he paid on the due date." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Petitioners argue that they have reasonable cause on account of undue hardship caused by their financial, legal, and health-related problems.

The regulations define undue hardship as "more than an inconvenience to the taxpayer." Sec. 1.6161-1(b), Income Tax Regs.; see also sec. 301.6651-1(c)(1), Proced. & Admin. Regs. (giving the term "undue hardship" the same meaning as under section 1.6161-1(b), Income Tax Regs.). Rather, undue hardship exists if "substantial financial loss * * * will result to the taxpayer for making payment on the due date". Sec. 1.6161-1(b), Income Tax Regs.; see also Hardin v. Commissioner, T.C. Memo. 2012-162. Petitioners did not show that they would have suffered a substantial financial loss if they had paid the tax liability when due. Specifically, petitioners did not show that their legal or health problems would have created an undue hardship had the tax been paid on the date it was due. Petitioners have not carried their burden of proof with respect to reasonable cause and lack of willful neglect. Therefore, petitioners are liable for the section

**[*15]** 6651(a)(2) addition to tax, and respondent did not err in declining to abate that assessment.

## B. Section 6654(a) Addition to Tax

Section 6654(a) imposes a mandatory addition to tax in the case of any underpayment of estimated tax by individual taxpayers. Section 6654(c)(1) requires the payment of four installments of a taxpayer's estimated tax liability for each taxable year. Except in instances of annualized income, each of the required installments of estimated tax is equal to 25% of the required annual payment. Sec. 6654(d)(1)(A). For individual taxpayers filing a joint tax return whose adjusted gross income for the taxable year is $150,000 or less, a "required annual payment" is equal to the lesser of--

> (i) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year), or

> (ii) 100 percent of the tax shown on the return of the individual for the preceding taxable year.

> Clause (ii) shall not apply if the preceding taxable year was not a taxable year of 12 months or if the individual did not file a return for such preceding taxable year.

Sec. 6654(d)(1)(B) and (C). The underpayment addition rate is determined pursuant to section 6621 and is applied to the amount of the estimated tax underpayment for the period of underpayment. Sec. 6654(a) and (b).

**[*16]** To meet his burden of production, respondent, at a minimum, must produce evidence necessary to enable the Court to conclude that petitioners had a required annual payment for the 2007 taxable year. See secs. 7491(c), 6654(d)(1)(B); Wheeler v. Commissioner, 127 T.C. 200, 211 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). Respondent introduced no evidence that petitioners did not file a Federal income tax return for 2006 or had a tax liability for the 2006 tax year.[4] Without knowing that petitioners did not file a 2006 income tax return or knowing petitioners' income tax for the 2006 taxable year, we cannot do the comparison required by section 6654(d)(1)(B) and cannot calculate petitioners' estimated annual payment for their 2007 taxable year, if any. See Wilson v. Commissioner, T.C. Memo. 2012-229, at *17. Thus, respondent has not met his burden of producing evidence that petitioners had a required annual payment under section 6654. Therefore, petitioners are not liable for the addition to tax under section 6654, and we will direct respondent to abate that assessment.

---

[4]The parties submitted a stipulated exhibit, Form 656, Offer in Compromise, in which petitioners stated that they sought to compromise tax liabilities for the 2006, 2007, and 2008 taxable years. This exhibit suggests that petitioners had a tax liability for the 2006 year but sheds no light on whether it was an income tax liability. In any event, this cursory statement is insufficient for us to determine the tax shown on the return for the 2006 taxable year.

**[\*17]** The Court has considered all of petitioners' contentions, arguments, requests, and statements.  To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An appropriate decision will</u>

<u>be entered.</u>