T.C. Memo. 2012-336

UNITED STATES TAX COURT

W. RUSSELL VAN CAMP AND TERESA VAN CAMP, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 12109-10L, 12110-10L.       Filed December 3, 2012.[1]

Robert E. Kovacevich, for petitioners.

Catherine Lee Campbell, for respondent.

MEMORANDUM OPINION

SWIFT, Judge:  Petitioners petitioned the Court for review of

determinations of respondent's Office of Appeals (Appeals Office) sustaining

_____

[1]These cases are consolidated for purposes of trial, briefing, and opinion.

[*2] three notices of Federal tax lien filing and a proposed levy relating to petitioners' unpaid Federal income tax for 2001, 2007, and 2008.

The issue we decide is whether an alleged new, changed circumstance (a lawyer's disbarment) might justify a remand of these consolidated cases to the Appeals Office for further hearing.

## Background

These consolidated cases were submitted under Rule 122.[2]

At the time petitioners filed their petitions they resided in Spokane, Washington.

For many years petitioner W. Russell Van Camp was a practicing attorney. He apparently earned substantial income and invested in and owned real estate.

In 2007 a Washington State disbarment proceeding was initiated against Mr. Van Camp. During pendency of the disbarment proceeding Mr. Van Camp was allowed to continue to practice law.

On May 7, 2009, respondent mailed to petitioners two Notices of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. Section 6320 regarding petitioners' unpaid Federal income tax for both 2001 and 2007.

[2]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** On June 15, 2009, petitioners filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, regarding these notices of filed tax liens.

On January 5, 2010, respondent mailed to petitioners a Notice of Federal Tax Lien Filing and a Notice of Intent to Levy, along with a Notice of Your Right to a Hearing Under I.R.C. Sections 6320 and 6330, regarding their unpaid Federal income tax for 2008.

On January 22, 2010, respondent's settlement officer held a telephone collection due process (CDP) hearing with petitioners' attorney, Mr. Kovacevich, regarding the tax lien filing notices for 2001 and 2007.

On February 3, 2010, petitioners filed a Form 12153 regarding the tax lien and levy notices relating to their 2008 unpaid tax.

On March 25, 2010, respondent's settlement officer held a telephone CDP hearing with petitioners' attorney regarding the tax lien filing and levy notices for 2008.

At one point during the Appeals hearing, petitioners' attorney and respondent's settlement officer were close to finalizing an installment agreement under which petitioners would make an initial payment of $28,500 and be allowed to make monthly payments of $5,000 on their outstanding Federal income tax for 2001, 2007, and 2008. Under the proposed installment agreement respondent

**[*4]** would not release the tax liens that had been filed against petitioners, but respondent would hold off on the proposed levy.

However, on April 2, 2010, before final approval and implementation of the installment agreement, petitioners' attorney informed the settlement officer that petitioners' financial affairs were "going from bad to worse" and that petitioners "would not be able to pay anything under an installment agreement."

Petitioners' attorney did not explain to respondent's settlement officer the specific reason petitioners would not be able to pay anything under an installment agreement (namely, the imminent disbarment of Mr. Van Camp).

Respondent's settlement officer then informed petitioners' attorney that because of his representations that petitioners would not be able to pay anything under an installment agreement, notices of determination would be issued sustaining all of respondent's collection actions--the tax lien filings for 2001, 2007, and 2008 and the levy for 2008.

The records in the above Appeals hearings indicate that at that time petitioners' attorney did not ask for more time, made no effort to present new financial information to respondent's settlement officer, made no effort to

[*5] renegotiate the terms of the pending installment agreement, and did not make an offer-in-compromise on petitioners' behalf.

Respondent's settlement officer made no further attempts to process the installment agreement that had been discussed, and on May 4, 2010, the Appeals Office issued notices of determination to petitioners sustaining respondent's tax lien filings and proposed levy.

On June 16, 2011, action in the disbarment proceeding against Mr. Van Camp was taken by the Washington State Supreme Court--effective immediately he was disbarred from practicing law in the State of Washington. In re Disciplinary Proceeding Against W. Russell Van Camp, 257 P.3d 599 (Wash. 2011).

Discussion

Petitioners do not dispute their unpaid tax liabilities for 2001, 2007, and 2008, and they do not contend that respondent's settlement officer abused his discretion or that any procedural or legal requirements were not met in the CDP hearings that were held. Rather, petitioners argue that this matter should be remanded to the Appeals Office in light of a significant change in their financial circumstances--namely, Mr. Van Camp's disbarment on June 16, 2011.

**[*6]** Remand of a CDP case to the Appeals Office may be appropriate in limited circumstances where there occurred some omission or error in the original hearing or in the record of the hearing. Hoyle v. Commissioner, 131 T.C. 197, 204-205 (2008); Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Med. Practice Solutions, LLC v. Commissioner, T.C. Memo. 2009-214. These cases present no such circumstance, and respondent argues that as a matter of law we have no authority to remand a CDP case to the Appeals Office on the basis of a change in a taxpayer's financial circumstances that occurred after the CDP hearing was completed, where the Appeals Office did not abuse its discretion and where there is no ambiguity or omission in the administrative record before the Court.

Respondent also argues that on the facts of these cases the information provided to the settlement officer by petitioners' attorney on April 2, 2010, that they would not be able to pay anything due under an installment agreement, constituted a disclosure to the settlement officer of their changed and dire financial situation and an abandonment of the then-pending installment agreement. We agree with respondent on this factual point.

As respondent explains, on April 2, 2010, when petitioner's counsel informed the settlement officer that petitioners would not be able to pay anything under an installment agreement, "[e]ssentially, petitioners withdrew the proposed

[*7] collection alternative [the pending installment agreement] and offered no substitute resolution."

Although petitioners' attorney did not explain to respondent's settlement officer the specific reason for petitioners' inability to pay anything under an installment agreement, the fact thereof was disclosed before conclusion of the CDP proceedings, and we reject petitioners' attempt now to have Mr. Van Camp's disbarment treated as a change of circumstance.

Because petitioners' inability to pay was disclosed to respondent's settlement officer and because the proposed installment agreement was abandoned by petitioners before issuance of the notices of determination, there are no changed circumstances on which to base a remand, even assuming we have the legal authority to do so.

With regard to respondent's legal argument, we note generally that our jurisdiction in CDP cases is limited to a review of the Commissioner's CDP "determinations". Sec. 6330(d)(1). Once the CDP hearing is concluded, the statutory scheme provides a separate venue for review of a new collection alternative or to address a material change in a taxpayer's financial circumstance-- namely, an appeal to the Appeals Office under its retained jurisdiction provided in section 6330(d)(2). The exercise of retained jurisdiction by the Appeals Office

[*8] does not constitute a continuation of the original CDP proceeding, and the limitations periods that are suspended during CDP hearings are not suspended during review under section 6330(d)(2). The Commissioner's decisions made under section 6330(d)(2) cannot be appealed to this Court. See sec. 301.6320-1(h)(2), Q&A-H2, Proced. & Admin. Regs.; sec. 301.6330-1(h)(2), Q&A-H2, Proced. & Admin. Regs. Consideration and hearings under section 6330(d)(2) are subsequent to and separate from the original CDP hearing and are solely administrative.

Respondent disagrees with petitioners and with a suggestion made in a number of our opinions that we have the authority to remand CDP cases to the Appeals Office merely where a remand may be regarded as "helpful", "necessary", "productive", and/or due to "changed circumstances." See e.g., Kelby v. Commissioner, 130 T.C. 79, 86 n.4 (2008); Lunsford v. Commissioner, 117 T.C. 183; Kuretski v. Commissioner, T.C. Memo. 2012-262, at *11; Churchill v. Commissioner, T.C. Memo. 2011-182. Respondent contends that, absent the exercise of an abuse of discretion by the settlement officer or a defective or incomplete administrative record, this Court lacks any remand authority in CDP cases.

**[*9]** In light of our factual resolution of the issue before us in these cases, we do not address that legal question.

To reflect the foregoing,

<u>Decisions will be entered for</u>

<u>respondent</u>.