**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC EDWARD CHANDLER,

     Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent - Appellee.

No. 16-9000
(CIR No. 6866-12L)
(Commissioner of Internal Revenue)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Eric Edward Chandler admits that he owes hundreds of thousands of dollars in federal tax liabilities. After the IRS Office of Appeals rejected Chandler's offer in compromise and sustained the notice of federal tax lien, Chandler claimed that his medical expenses had increased, resulting in changed circumstances. Chandler argues that the Tax Court should have remanded his appeal to the IRS Office of Appeals to reconsider its ruling in view of his changed circumstances, even though his

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reasonable collection potential is still substantially more than his offer in compromise. The Tax Court rejected this argument and concluded that even if Chandler were able to show a change in circumstances, that change wouldn't be material or alter the Office of Appeals' determination. Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

## BACKGROUND

Chandler admits that he owes several years of underpaid taxes, estimating the total as between $750,000 to $1,000,000. After the IRS filed a notice of federal tax lien, Chandler requested a Collection Due-Process hearing with the IRS Office of Appeals. Before the hearing, Chandler submitted an offer in compromise to pay $122.40 per month for 24 months, totaling $2,937.60.[1] The IRS preliminarily rejected Chandler's offer in compromise—determining that Chandler was seeking to hinder or delay its collections actions against him. But because Chandler had requested a Collection Due-Process hearing, the Office of Appeals issued a final determination on his offer in compromise.[2]

The Office of Appeals sustained the IRS's lien filing and rejected Chandler's offer in compromise. The Office of Appeals calculated Chandler's reasonable collection potential at $518,579. It did so by adding five years of Chandler's

---

[1] The record is unclear how Chandler determined this offer in compromise. In response to Chandler's offer in compromise, the IRS calculated Chandler's monthly disposable income as $1,732. His offer in compromise of $2,937.60 represented less than two months of his disposable income.

[2] Chandler doesn't dispute the amount of the outstanding tax liabilities or argue that the Office of Appeals erred in rejecting his offer in compromise.

disposable income ($103,920) to his equity in other assets, including his retirement funds ($415,969). Based on its calculated reasonable collection potential, the Office of Appeals proposed its own Form 433-D Installment Agreement payment plan, offering to accept $103,920, the value of sixty months' payments of $1,732.

Dissatisfied with this turn, Chandler appealed the Office of Appeals' denial of his offer in compromise to the Tax Court. Once there, Chandler sought a remand to the Office of Appeals for reconsideration in view of an alleged recent change of circumstance—medical expenses rising from $144 per month (which the Office of Appeals considered in determining his reasonable collection potential) to $310 a month.

The Tax Court began by sustaining the IRS's tax lien, holding that the Office of Appeals had acted within its discretion in rejecting Chandler's offer in compromise. Next, addressing Chandler's changed-circumstances argument, the Tax Court determined that Chandler's $166 increase in monthly medical expenses would not materially affect the IRS's reasonable collection potential. Thus, the Tax Court concluded that the asserted change in circumstances didn't justify a remand to the Office of Appeals.

On appeal to this court, Chandler doesn't dispute his tax liability, oppose the Tax Court's calculation of his reasonable collection potential, or claim that the Office of Appeals abused its discretion in rejecting his offer in compromise. Instead, he argues that the Tax Court erred by not remanding his case back to the Office of

3

Appeals to reconsider its ruling after he told the Tax Court that his medical expenses had increased $166 per month.

## DISCUSSION

We review "tax court decisions 'in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.'" *Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008) (quoting *Kurzet v. Comm'r*, 222 F.3d 830, 833 (10th Cir. 2000)). This standard requires us to "review the Tax Court's conclusions of law *de novo* and its factual findings for clear error." *Lewis v. Comm'r*, 523 F.3d 1272, 1274 (10th Cir. 2008). The Tax Court has discretion to remand "where it would be helpful because of 'a material change in a taxpayer's factual circumstances.'" *Kuretski v. Comm'r*, T.C. Memo. 2012-262, 2012 WL 3964770, * 5 (2012) (quoting *Churchill v. Comm'r*, T.C. Memo. 2011-182, 2011 WL 3300235 at *6 (2011)).

Here, the Tax Court didn't abuse its discretion in denying Chandler's request to remand to the Office of Appeals for changed circumstances. In the Tax Court, Chandler presented evidence that his medical expenses had increased by $166 per month after he had appeared in the Office of Appeals. But the Tax Court concluded that even with the increased medical expenses, Chandler's reasonable collection potential would marginally decrease from $518,579 to $508,619—still far more than Chandler's offer in compromise of $2,937.60. In refusing Chandler's requested remand, the Tax Court explained that even with the asserted change in circumstances,

4

a remand to consider Chandler's offer of $2,937.60 would be unhelpful, unnecessary, and unproductive.

The Tax Court did not abuse its discretion in rejecting Chandler's request for remand. Chandler's change in circumstances isn't material because it marginally lowers his reasonable collection potential, which is still far greater than his offer in compromise. *See Murphy v. Comm'r*, 469 F.3d 27, 33 (1st Cir. 2006) (explaining that the IRS "will not accept a compromise that is less than the reasonable collection value of the case."). Therefore, the Tax Court did not abuse its discretion in refusing to remand this case to the Office of Appeals.

## CONCLUSION

For these reasons, the Tax Court's decision is **AFFIRMED**.

Entered for the Court

Gregory A. Phillips
Circuit Judge