T.C. Memo. 2018-123

UNITED STATES TAX COURT

MARILYN LETITIA RANDALL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5081-17L.                    Filed August 6, 2018.

Marilyn Letitia Randall, pro se.

Ryan Z. Sarazin, for respondent.

MEMORANDUM OPINION

COHEN, Judge:  This case was commenced in response to a notice of

determination concerning collection action under section 6330 sustaining a

proposed levy to collect petitioner's unpaid Federal income tax liabilities for 2002,

2003, 2004, and 2005 (years in issue).  The issue for decision is whether there was

an abuse of discretion by the Internal Revenue Service (IRS) Office of Appeals

[*2] (Appeals Office) settlement officer (SO) in sustaining the proposed levy. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated under Rule 122, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Washington, D.C., when she filed her petition. Petitioner filed Federal income tax returns for the years in issue but did not pay the balances owed as reported on those returns.

On July 20, 2015, the IRS issued petitioner a notice with respect to her unpaid income tax liabilities for the years in issue notifying petitioner of the IRS' intent to seize her assets by levy and her right to a hearing. The notice listed the deficiencies and interest owed for the years in issue, which totaled $33,487.60.

On or about August 11, 2015, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request), in which she stated her intent to submit an offer-in-compromise (OIC) as a collection alternative. In the CDP hearing request she did not challenge her underlying tax liabilities. On December 14, 2015, the SO assigned to petitioner's CDP hearing

[*3] request conducted a telephone conference with petitioner, during which petitioner again indicated her intention to submit an OIC. At no time did petitioner dispute her underlying liabilities.

On or about December 31, 2015, petitioner submitted a Form 656, Offer in Compromise, offering a total of $5,232. A check for $454 was included with the Form 656 as payment for the first month's installment, the application fee, and a deposit. On or about January 14, 2016, petitioner submitted a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

Petitioner's OIC was processed initially by the IRS' Centralized Offer in Compromise unit in Holtsville, New York (COIC). On September 28, 2016, an offer examiner at COIC sent petitioner a letter notifying her of the preliminary determination to reject her OIC. The SO subsequently obtained petitioner's case file from COIC, from which he determined that petitioner's reasonable collection potential (RCP) was $119,713.60 and she had available monthly income of $862. By letter dated October 27, 2016, the SO notified petitioner again that a preliminary determination had been made to reject her offer because it had been determined that "you have the ability to full pay your liability within the time provided by law and your special circumstances did not warrant a hardship." The

[*4] letter advised petitioner that before the Appeals Office made a final determination she had an opportunity to submit a statement indicating the issues she disputed and to provide additional information not previously considered.

On November 30, 2016, the SO held another telephone conference to afford petitioner an opportunity to submit additional financial information. During this conference the SO offered petitioner an installment agreement under which she would pay the amount determined to be her available monthly income, i.e., $862 per month. This amount was based on a determination of petitioner's gross monthly income less her total monthly expenses. Petitioner did not accept the SO's offer, contending that the monthly amount had been calculated incorrectly. She stated that she would submit documentation to prove additional monthly expenses that had been previously disallowed. On November 30, 2016, the SO prepared and sent a follow up letter to petitioner, restating his offer and notifying her that she should contact him within seven days if she agreed to the proposed installment agreement.

After the conference held on November 30, 2016, petitioner sent the SO additional documents, which were intended to establish that she should be allowed additional monthly expenses of $1,000 for legal services related to a probate proceeding and $315 for payment of a personal loan obligation. The SO evaluated

**[*5]** the new information but determined not to allow these additional monthly expenses on the ground that they did not meet the necessary expense test per the Internal Revenue Manual (IRM).

On January 27, 2017, the SO closed petitioner's case, and the Appeals Office on January 31, 2017, issued petitioner the notice of determination sustaining the proposed levy action. On March 2, 2017, petitioner timely petitioned this Court for review of the notice of determination.

The case was submitted fully stipulated on January 22, 2018, and the Court ordered seriatim briefs, with opening briefs due April 30, 2018. Respondent's brief was timely filed. Despite receiving two extensions and asserting that she holds a law degree from a "top ten" institution, petitioner failed to file a brief.

## Discussion

Under section 6330 a taxpayer is entitled to one hearing in which he or she may propose alternatives to collection actions, such as the levy action that respondent proposed in the notice dated July 20, 2015. See sec. 6330(b), (c), and (d). Where, as here, the underlying liability is not at issue, the SO's determination is reviewed for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

[*6] In deciding whether the SO abused his discretion in sustaining the proposed levy we review the record to determine whether he (1) properly verified that the requirements of applicable law or administrative procedure had been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3)(C). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). Petitioner does not dispute those principles.

Petitioner first asserts that the SO abused his discretion by not including her $1,000 monthly legal services expense and her $315 monthly personal loan obligation in the calculation of the proposed installment agreement. We disagree.

Section 6159(a) gives the Secretary discretionary authority to enter into installment agreements to satisfy tax liabilities when it is determined that doing so will facilitate full or partial collection. Generally, we have held that it is not an abuse of discretion for purposes of section 6320 or 6330 when an Appeals Office employee relies on guidelines published in the IRM to evaluate a proposed installment agreement. See, e.g., Orum v. Commissioner, 123 T.C. 1, 13 (2004),

[*7] aff'd, 412 F.3d 819 (7th Cir. 2005); Etkin v. Commissioner, T.C. Memo. 2005-245.

Eligibility for an installment agreement is based on the taxpayer's current financial condition. See IRM pt. 5.14.1.4 (Sept. 19, 2014). According to the IRM, the installment agreement payment amount should be equal to a taxpayer's monthly disposable income, which is the taxpayer's monthly gross income less allowable expenses. See id. para. (4); IRM pt. 5.15.1.2(1) (Nov. 17, 2014).

Allowable expenses include those expenses that meet the necessary expense test. IRM pt. 5.15.1.7 (Oct. 2, 2012). Necessary expenses are those expenses necessary to provide for the production of income and/or for the health and welfare of the taxpayer and his or her family. Id. The sum of the necessary expenses establishes the minimum amount that the taxpayer needs to live. Id.

Petitioner asserts that the monthly legal services expense she paid for the probate proceeding "absolutely does provide for the health and welfare of me and family" because it concerns the house her late mother left her. Petitioner provides no evidence that the legal expenses are part of the minimum amount she needs to live. She provides no legal authority to support her general assertion that the phrase "health and welfare" in the IRM encompasses ownership of her mother's house. Accordingly, we hold that it was not an abuse of the SO's discretion to

**[*8]** determine that petitioner's monthly legal services expense for the probate proceeding is not a necessary expense under the IRM.

Petitioner also asserts that her $315 monthly personal loan obligation constitutes a necessary expense. To substantiate this expense, she provided the SO with several canceled checks paid to an individual named Welton Doby. When filing her petition, she provided the Court with an unsigned copy of a loan agreement between her and Doby. She has not shown the purpose of the loan or the use of the proceeds except for her vague and self-serving assertion that the loan "was critical at that time" because of her financial distress. Petitioner failed to provide any evidence that the SO could consider to determine whether the alleged monthly personal loan obligation is necessary for petitioner's health and welfare. The SO did not abuse his discretion in disallowing this expense.

Petitioner next contends that the SO should not have closed her case because she did not reject the installment agreement but "sought only to appeal the amount." Petitioner had twice rejected the installment agreement offered by the SO and argued (and is still arguing) that the total amount should be lower. Petitioner's OIC of $5,232 was substantially below her RCP of $119,713.60. An SO is not obligated to negotiate indefinitely or wait any specific time before issuing a determination. See Kuretski v. Commissioner, T.C. Memo. 2012-262, at

**[*9]** *11, aff'd, 755 F.3d 929 (D.C. Cir. 2014). Thus, the SO did not abuse his discretion when he rejected petitioner's offer and closed the case after petitioner failed to accept the $862 per month installment agreement. See Clifford v. Commissioner, T.C. Memo. 2014-248, at *8-*9 ("Absent a showing of special circumstances, Appeals officers are directed to reject offers substantially below the taxpayer's RCP where the OIC is premised on doubt as to collectibility."). We only decide whether there was an abuse of discretion and do not recalculate a different amount for an acceptable installment agreement or OIC. Murphy v. Commissioner, 125 T.C. at 320; Speltz v. Commissioner, 124 T.C. 165, 179-180 (2005), aff'd, 454 F.3d 782 (8th Cir. 2006). Petitioner has expressed her intention to pursue relief outside of the section 6330 proceedings, and she is free to do so.

For the foregoing reasons, the notice of determination will be sustained and

Decision will be entered for respondent.