T.C. Memo. 2014-32

UNITED STATES TAX COURT

ROBERT ALAN LYONS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19739-11L.               Filed February 25, 2014.

Robert Alan Lyons, pro se.

<u>Brock E. Whalen</u> and <u>Daniel N. Price</u>, for respondent.

MEMORANDUM OPINION

GUY, <u>Special Trial Judge</u>: This collection review case is before the Court

on respondent's motion for summary judgment filed pursuant to Rule 121.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code, as amended and in effect at all relevant times, and all Rule

(continued...)

**[\*2]** Petitioner filed a response in opposition to respondent's motion. We conclude that there is no genuine dispute of a material fact in this case, and respondent is entitled to judgment as a matter of law sustaining the determination of the Internal Revenue Service Office of Appeals (Appeals Office) to proceed with a proposed levy to collect petitioner's unpaid Federal income tax liabilities for 2004, 2005, and 2006 (years in issue).

Background

The record establishes and/or the parties do not dispute the following.

Petitioner has failed to file Federal income tax returns for the taxable years 2004 to 2011. On July 29, 2008, respondent prepared substitutes for returns for the years in issue. See sec. 6020(b).

On November 17, 2008, respondent mailed to petitioner by certified mail separate notices of deficiency[2] determining deficiencies in and additions to his Federal income tax for the years in issue as follows:

---

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]The notices of deficiency were addressed to petitioner at the same address that he listed as his current address in the petition that he filed to institute this proceeding.

[*3]

| | | Additions to tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2004 | $9,042 | $1,359 | $1,238 | $164 |
| 2005 | 24,821 | 4,685 | 3,019 | 817 |
| 2006 | 38,533 | 8,220 | 3,105 | 1,718 |

Petitioner did not file a petition for redetermination with the Court pursuant to section 6213(a).

On April 13, 2009, respondent entered assessments against petitioner for the deficiencies and additions to tax determined in the notices of deficiency described above, along with statutory interest, and issued to petitioner notices and demand for payment for the years in issue. Petitioner failed to make any payments.

On July 1, 2010, respondent issued to petitioner a Final Notice of Intent To Levy and Notice of Your Right to a Hearing for the years in issue. Petitioner thereafter submitted to respondent a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, stating: "The taxpayer wishes to resolve all balances due through an Installment Agreement but must first determine the accurate balance due, as those presently assessed represent 'Substitute for Return' assessments."

Subsequently, the case was assigned to a settlement officer (SO) in the Appeals Office. The case was soon reassigned to a different SO after petitioner

**[*4]** complained that the SO first assigned to the case had failed to mail official correspondence to him timely. During the course of the administrative proceedings, the second SO and the Appeals team manager (ATM) requested that petitioner submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and his delinquent tax returns for several years, including the years in issue. The SO sent wage and income transcripts to petitioner to assist him in preparing his delinquent tax returns for 2007 to 2009. During a telephone conference on June 7, 2011, petitioner informed the SO that he was suffering from various medical conditions and that he did not have the financial resources or the energy to prepare his delinquent tax returns. Although petitioner remained in contact with the SO, he did not submit a Form 433-A or other financial statement, his delinquent tax returns, or documentation that would aid in determining his correct tax liability for the years in issue.

On July 19, 2011, after consulting with her ATM, the SO issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy action for the years in issue. The record shows that the SO conducted a thorough review of transcripts of petitioner's account and verified that requirements of applicable law and administrative procedure had been met by confirming the timeliness of assessment

[*5] of the amounts in dispute and that appropriate collection notices had been sent to petitioner.[3] The SO balanced the need for efficient collection of taxes with the legitimate concern of petitioner that any collection be no more intrusive than necessary by finding that no alternative collection action would be available or proper at that time given petitioner's failure to submit financial information relevant to such an alternative or to achieve current compliance with filing and payment obligations.

On August 25, 2011, petitioner filed a timely petition commencing this case.[4] The petition states in relevant part: "The IRS did not have any information regarding my business expenses, home office deductions, and the cost basis of my stock sales for all 3 tax years." After respondent filed an answer to the petition, the parties filed a joint motion to remand the case to the Appeals Office for further consideration of whether petitioner might qualify for an installment agreement. The Court granted the parties' motion and ordered them to cooperatively arrange a further administrative hearing no later than July 5, 2012, and file status reports with the Court no later than July 18, 2012.

---

[3]The administrative record includes various transcripts of account, including Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for the years in issue.

[4]Petitioner resided in Texas at the time the petition was filed.

**[*6]**   On July 17, 2012, respondent filed a status report and attached thereto a supplemental notice of determination in which the Appeals Office determined that it was appropriate to proceed with the proposed levy action.  Respondent's status report states that, while the case was on remand, petitioner failed to submit to the Appeals Office a current Form 433-A or produce his delinquent income tax returns.  Petitioner did not file a status report.

The case was set for trial in San Antonio, Texas, on September 30, 2013.  Although there was no appearance by or on behalf of petitioner when his case was called from the trial calendar, the Court later learned that petitioner was unable to appear because of a medical emergency.  Under the circumstances, the Court continued the case and directed the parties to file status reports.

On December 13, 2013, respondent filed the motion for summary judgment presently before the Court.  Respondent's motion is supported by declarations executed by SO Sean P. Franklin[5] and respondent's counsel, Brock E. Whalen, along with exhibits drawn from the administrative record.  On January 10, 2014, petitioner filed a response in opposition to respondent's motion.  Petitioner

---

[5]SO Franklin was assigned to petitioner's case after the Court remanded the case to the Appeals Office for further consideration.

**[\*7]** attached exhibits to his response with the aim of challenging the amounts of his tax liabilities for the years in issue.

Discussion

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Either party may move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(a). We may grant summary judgment only if there are no genuine disputes or issues of material fact. Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Respondent, as the moving party, bears the burden of proving that no genuine dispute or issue exists as to any material fact and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000); Bond v. Commissioner, 100 T.C. 32, 36 (1993). In deciding whether to grant summary judgment, the factual materials and the inferences drawn from them must be considered in the light most favorable to the nonmoving party. FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. at 559; Bond v. Commissioner, 100 T.C. at 36. When a motion for summary judgment is made and properly supported, the party opposing the motion "'may not rest upon the mere allegations or denials of his pleading, but * * * must set forth specific facts

[*8] showing there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56(e)); see Rule 121(d); Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988).

I. Section 6330

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after a notice and demand for payment is made. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to unpaid tax only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires that the written notice include the amount of the unpaid tax and the taxpayer's right to an administrative hearing.

If an administrative hearing is requested, the hearing is to be conducted by the Appeals Office. Sec. 6330(b)(1). In rendering an administrative determination in a collection review proceeding, the Appeals Office must verify that the requirements of any applicable law and administrative procedure have been met in processing the taxpayer's case. Sec. 6330(c)(1), (3)(A). The Appeals Office also must consider any issues raised by the taxpayer relating to the collection action, including offers of collection alternatives (such as an installment agreement), appropriate spousal defenses, and challenges to the appropriateness of the

[*9] collection action. Sec. 6330(c)(2)(A), (3)(B). A taxpayer may challenge the existence or amount of his or her underlying tax liability only if the taxpayer did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the taxpayer's concern that collection be no more intrusive than necessary. Sec. 6330(c)(3)(C).

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations. Sec. 6330(d); see Iannone v. Commissioner, 122 T.C. 287, 290 (2004). Where the underlying tax liability is properly at issue, we review the determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not at issue, we review the determination for abuse of discretion. Id. at 182.

II. Petitioner's Underlying Tax Liabilities

The record shows that, although respondent mailed notices of deficiency to petitioner for the years in issue, petitioner failed to file a petition for redetermination with the Court. See sec. 6213(a). Petitioner has not alleged at any stage of these proceedings that he did not receive the notices of deficiency and, under the circumstances, we assume that he did receive them. It follows that

**[\*10]** petitioner is barred from challenging the existence or amounts of his underlying tax liabilities for the years in issue. Sec. 6330(c)(2)(B); see Sego v. Commissioner, 114 T.C. 604, 610-611 (2000).

III. Collection Alternatives

Petitioner's request for an administrative hearing included a statement that he intended to propose an installment agreement.[6] Section 6159 authorizes the Commissioner to enter into written agreements allowing taxpayers to pay a tax liability in installment payments if he deems that the "agreement will facilitate full or partial collection of such liability." The decision to accept or reject installment agreements lies within the discretion of the Commissioner. See Thompson v. Commissioner, 140 T.C. 173, 179 (2013) (citing Kuretski v. Commissioner, T.C. Memo. 2012-262, at \*9, and section 301.6159-1(a) and (c)(1)(i), Proced. & Admin. Regs.). As a prerequisite for consideration or approval of an installment agreement, it is generally incumbent upon the taxpayer to provide requested financial information to permit an informed evaluation of his or her ability to pay. See, e.g., secs. 6159, 7122; Kindred v. Commissioner, 454 F.3d 688, 697 (7th Cir.

---

[6]We note that the petition filed to initiate this case contains nothing more than a vague challenge to the amounts of petitioner's underlying liabilities for the years in issue. Although we might otherwise conclude that petitioner has conceded the issue, we nevertheless will discuss his request for an installment agreement for the sake of completeness.

**[\*11]** 2006); <u>Olsen v. United States</u>, 414 F.3d 144, 151 (1st Cir. 2005); <u>Murphy v. Commissioner</u>, 125 T.C. 301, 315 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006). Similarly, Internal Revenue Service (IRS) guidelines with respect to collection alternatives direct that the taxpayer must be in compliance with filing and estimated payment obligations. See <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111-112, 115-116 (2007). Moreover, it is not an abuse of discretion for the Appeals Office to decline to consider an installment agreement where no specific collection alternative proposal is ever placed before the reviewing officer. See <u>McLaine v. Commissioner</u>, 138 T.C. 228, 243 (2012); <u>Kendricks v. Commissioner</u>, 124 T.C. 69, 79 (2005). Stated otherwise, it is the obligation of the taxpayer, not the reviewing officer, to start negotiations regarding a collection alternative by making a specific proposal.

The record reflects that, after the case was remanded to the Appeals Office for further consideration, petitioner failed to submit the financial information necessary to evaluate his ability to pay his tax liabilities by way of installment payments. He likewise failed to submit his delinquent tax returns for taxable years ending after the years in issue. The record amply demonstrates that the Appeals Office provided clear instructions and multiple opportunities for petitioner to remedy the situation so as to satisfy the conditions and open the door for

[*12] consideration of collection alternatives generally.  See, e.g., Murphy v. Commissioner, 125 T.C. at 315 ("An appeals officer does not abuse her discretion when she fails to take into account information that she requested and that was not provided in a reasonable time."); Dinino v. Commissioner, T.C. Memo. 2009-284 (noting consistency of Appeals officer's approach with IRS guidelines stating that, for purposes of good case management, no more than 14 days should be allowed for submission of financial information); Gazi v. Commissioner, T.C. Memo. 2007-342 ("There is no requirement that the Commissioner wait a certain amount of time before making a determination as to a proposed levy."); see also sec. 301.6330-1(e)(3), Q&A-E9, Proced. & Admin. Regs.  In sum, precedent establishes that it is not an abuse of discretion for the Appeals Office to reject collection alternatives and sustain proposed collection action on the basis of the failure of taxpayers to submit requested financial information or to achieve current compliance with filing obligations.  See, e.g., Giamelli v. Commissioner, 129 T.C. at 111-112, 115-116; Taylor v. Commissioner, T.C. Memo. 2009-27; Roman v. Commissioner, T.C. Memo. 2004-20.

IV.  Conclusion

The record shows that SO Franklin conducted a thorough review of transcripts of petitioner's account and verified that requirements of applicable law

**[*13]** and administrative procedure had been met by confirming the timeliness of assessment of the amounts in dispute and verifying that appropriate collection notices had been sent to petitioner.[7] Petitioner did not raise a spousal defense or present a valid challenge to the appropriateness of respondent's intended collection action. These issues are now deemed conceded. See Rule 331(b)(4). The SO also balanced the need for efficient collection of taxes with the legitimate concern of petitioner that any collection be no more intrusive than necessary by finding that no alternative collection action would be available or proper at that time given petitioner's failure to submit financial information relevant to such an alternative or to achieve compliance with his filing and payment obligations. Under the circumstances, we conclude the Appeals Office did not abuse its discretion and respondent is entitled to judgment as a matter of law sustaining the supplemental notice of determination issued July 16, 2012.

---

[7]It is well settled that the Appeals Office may rely on Forms 4340 and similar transcripts of account to satisfy the verification requirements of sec. 6330(c)(1). Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), aff'd, 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Lunsford v. Commissioner, 117 T.C. 183 (2001). The Forms 4340 attached as exhibits to respondent's motion and accompanying declarations, along with the SO's statements in the notice of determination, show that required assessment and collection procedures were followed.

**[*14]**  To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.