T.C. Memo. 2012-229

UNITED STATES TAX COURT

NIKKIA C. WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17554-10L.                    Filed August 7, 2012.

<u>Suzanne A. Ascher</u>, for petitioner.

<u>James P.A. Caligure</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  Petitioner seeks review of respondent's determination to

proceed with a proposed levy to collect income tax liabilities for tax years 2006

[*2] and 2007.[1]  The issue for decision is whether respondent abused his discretion in sustaining the levy action.  For the reasons stated herein, we hold that respondent did not abuse his discretion with respect to petitioner's income tax liabilities and section 6651(a)(2)[2] and (d)(1) additions to tax.  However, we do not sustain respondent's collection action for the sections 6651(a)(1) and (3) and 6654 additions to tax.

## Background

The parties submitted this case fully stipulated under Rule 122.  Petitioner resided in New York at the time she filed her petition.

Petitioner timely filed her 2006 and 2007 individual income tax returns reporting tax due for both years but failed to have an adequate amount of Federal tax withheld for either year or otherwise to pay the reported liabilities.

---

[1]Respondent also vaguely references the 1999 tax year on the second page of the notice of determination but does not argue anywhere in the record that petitioner owes tax for that year.  In response, petitioner asserts in the petition that she does not owe any tax for the 1999 tax year.  Accordingly, we find that the 1999 tax year is not in dispute in this proceeding.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** Respondent made an assessment for both years for the unpaid tax, "penalties",[3] and interest (collectively, tax liability) and issued petitioner a notice and demand for payment on April 21, 2008, for the 2006 tax year and on May 26, 2008, for the 2007 tax year. After petitioner either refused or neglected to pay the tax liability, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice of intent to levy), on April 11, 2009. The final notice of intent to levy stated that petitioner owed $15,042[4] for her 2006 and 2007 tax years: (1) 2006--$9,833 income tax liability; $1,248 in interest; and $545 in additions to tax; and (2) 2007--$3,009 income tax liability; $135 in interest; and $272 in additions to tax.

---

[3]Respondent and petitioner incorrectly refer to additions to tax under secs. 6651 and 6654 as "penalties". Accordingly, references to "penalties" in various places in the record should be to additions to tax under secs. 6651 and 6654. References in this opinion to additions to tax relate to one or more, as appropriate. Petitioner does not seek abatement of interest.

Moreover, the record is replete with inconsistent references to the additions to tax. The final notice of intent to levy indicated that the additions to tax were assessed pursuant to sec. 6651(a)(2) and (3) and (d)(1). However, respondent's account transcript references additions to tax for "not pre-paying tax" and "late payment of tax". Furthermore, the notice of determination simply references "penalties and interest", and respondent's brief references additions to tax under secs. 6651(a)(1) and 6654.

[4]All amounts are rounded to the nearest dollar.

**[\*4]** I.  Request for Collection Due Process Hearing

Petitioner requested a collection due process (CDP) hearing by timely filing Form 12153, Request for a Collection Due Process or Equivalent Hearing. Respondent's Appeals officer received petitioner's CDP hearing request on May 12, 2009.  The CDP hearing request sought the abatement of the additions to tax, an offer-in-compromise, and an installment agreement because:  (1) the levy action and additions to tax are a hardship and burden in this recession; (2) petitioner cannot fully pay the tax liability; and (3) petitioner has reasonable cause for the abatement of the additions to tax.  Moreover, the CDP request indicated that respondent should contact petitioner's representative, Suzanne A. Ascher.

II.  Offer-in-Compromise

On January 14, 2010, the Appeals officer received petitioner's offer-in-compromise (OIC).  Petitioner stated two reasons for the OIC:  (1) doubt as to collectibility--petitioner has insufficient assets and income to pay the tax liability; and alternatively (2) effective tax administration--petitioner has sufficient assets to pay the tax liability amount, but because of exceptional circumstances, requiring full payment would cause economic hardship or would be unfair and inequitable.  In support of petitioner's assertions, she submitted a Form 433A, Collection

[*5] Information Statement for Wage Earners and Self-Employed Individuals (CIS).[5]

Petitioner reported, inter alia, the following information on her CIS: (1) monthly income of $5,540;[6] (2) two dependents;[7] (3) $240 per month for child and dependent care expenses;[8] and (4) a $440 monthly loan payment[9] for a Chevy Trailblazer. Petitioner offered to pay $1,000 in compromise of the tax liability. Moreover, the OIC indicates that the $1,000 offer is also in compromise for tax liabilities relating to petitioner's 2003, 2004, and 2005 tax years.[10] Petitioner did not submit a deposit payment with the OIC.

---

[5]While respondent's OIC case history listing makes several references to information provided in petitioner's Form 433A, the form is not included in the record.

[6]Petitioner provided pay stubs in support of her claimed monthly income. The pay stubs also indicate that petitioner had a section 401(k) plan with Verizon.

[7]Petitioner's 2006, 2007, and 2008, income tax returns report only one exemption.

[8]The child and dependent care expenses were supported by a statement from a third party claiming that she receives $60 per week from petitioner for caring for petitioner's child.

[9]In another section of the CIS, petitioner claimed the monthly payment on the loan for the Chevy Trailblazer is $550. Petitioner did not provide support for the monthly loan payment or the associated loan balance with the CIS.

[10]There is no information in the record explaining petitioner's 2003-05 tax years.

**[*6]** III.  Appeals Officer's Calculations

In response to petitioner's CIS, the Appeals officer made two sets of calculations on the basis of different assumptions to determine whether to accept or reject the OIC.  One calculation considered all of the expense information petitioner provided (favorable calculation), and the other calculation (less favorable calculation) disallowed some of petitioner's claims for lack of supporting documentation.  Moreover, the Appeals officer determined that petitioner's gross monthly income was $6,914 and used that figure in both calculations.

The favorable calculation assumed, among other things, a two-person household, $120 per month for medical expenses, $240 per month for child care expenses, and $440 per month for transportation.  The less favorable calculation disallowed petitioner's unsupported claims--it assumed only a one-person household and it did not consider child care expenses or transportation expenses.  Under both calculations the Appeals officer determined that petitioner could fully pay the tax liability without economic hardship.  Moreover, because petitioner failed to support certain claims on her CIS, the Appeals officer provided petitioner with a calculation worksheet showing how she arrived at the less favorable calculation.

**[\*7]**  As a result of the less favorable calculation, the Appeals officer determined that petitioner had net equity in assets of $27,793, net monthly income of $1,741, and a reasonable collection potential of $172,322.  Around March 22, 2010, the Appeals officer recommended rejection of petitioner's OIC because petitioner failed to demonstrate that paying the tax liability in full would cause her economic hardship.

IV.  The Settlement Officer

A settlement officer was then assigned to petitioner's CDP hearing.  The settlement officer sent petitioner a letter dated April 30, 2010, regarding petitioner's OIC for the 2003 through 2007 tax years.  The letter indicated that petitioner's tax liability as of May 15, 2010, was $54,450.[11]  Moreover, the letter indicated that the settlement officer:  (1) reviewed petitioner's file and agreed with the Appeals officer's decision to reject petitioner's OIC; and (2) determined on the basis of petitioner's last filed income tax return that petitioner's monthly income was $7,077.

Furthermore, the settlement officer requested that petitioner provide the following documentation:  (1) her 2009 Form W-2, Wage and Tax Statement; (2)

---

[11]It is unclear from the record whether the $54,450 tax liability includes petitioner's 2003-05 tax years or relates only to petitioner's 2006-07 tax years.

[*8] support for $550 of monthly transportation expenses; (3) support for a loan balance on her section 401(k) plan account with Verizon; and (4) support for $240 of monthly child and dependent care expenses. The settlement officer's letter concludes: "If you wish to continue with the appeals process and have additional information that you would like to be considered, contact me by 05/17/2010. If I do not hear from you or receive any additional information I will make my final determination based on the current contents of your file."

On May 17, 2010, Ms. Ascher responded to the settlement officer's request by faxing the following: (1) a cover letter explaining petitioner's request for an OIC; (2) petitioner's 2009 Form W-2 reporting $82,780 of wages for Federal income tax purposes; (3) petitioner's 2010 pay stub from Verizon reporting $26,457 of wages earned as of May 1, 2010; (4) a billing statement from GMAC Financial Services supporting monthly automobile payments of $435; (5) a signed letter from Mary Holmes stating that petitioner pays Ms. Holmes $60 per week for childcare services; and (6) a Fidelity statement supporting petitioner's section 401(k) plan loan balance of $5,341.

The cover letter requests that the settlement officer reconsider petitioner's OIC and the abatement of the additions to tax because requiring full payment of the tax liability would cause petitioner economic hardship as she is a single mother

**[*9]** in New York City with no means of support beyond her Verizon salary and the economy is in recession. Moreover, the cover letter suggests that petitioner's 2010 pay stub should be used to calculate her gross monthly income essentially because of poor economic conditions which, to Ms. Ascher's understanding, have led to cutbacks and job layoffs at Verizon. Finally, the cover letter requests an installment agreement if the OIC is not granted.

On May 19, 2010, the settlement officer reviewed the faxed information and determined that petitioner's gross monthly income was $7,050, net equity in assets was $6,432, and net monthly income was $1,718. He concluded that petitioner could fully pay the tax liability and therefore determined that petitioner's OIC should be denied. Moreover, the settlement officer found that petitioner's status as a single mother did not meet the criteria for "penalty" abatement or efficient tax administration. Thereafter, the settlement officer left a voicemail with Ms. Ascher reporting his findings and offering an installment agreement requiring $1,000 monthly payments over 5 years.

The following day Ms. Ascher left a voicemail with the settlement officer stating that she wanted petitioner's additions to tax abated and that the settlement officer should correct his findings by adjusting the national standard expenses and health insurance expenses for two people. The settlement officer recalculated

[*10] petitioner's asset equity table and income-expense table and decided to deny petitioner's OIC as a collection alternative on June 1, 2010. He secured approval to close the CDP hearing on June 8, 2010.

V.  The Notice of Determination

On July 1, 2010, respondent's Appeals Office issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for tax years 2006 and 2007. The notice of determination indicated, inter alia, that petitioner's reasonable collection potential was $124,935 and that "with the best information available, the requirements of various applicable law or administrative procedure have been met." Petitioner timely petitioned this Court for review of the notice of determination.

Discussion

I.  Introduction

Section 6330(a) requires that written notice be given to a person upon whose property the Secretary intends to levy to collect an unpaid tax (taxpayer) advising him of the amount of the unpaid tax and of his right to a hearing. At a CDP hearing a taxpayer may raise any relevant issue relating to the collection action including challenges to the appropriateness of the collection action and possible collection alternatives. Sec. 6330(c)(2)(A). The taxpayer may also

[*11] challenge the existence or amount of the underlying tax liability at the hearing if the taxpayer did not receive a statutory notice of deficiency for such liability or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B). The "underlying tax liability" refers to the tax imposed under the internal revenue laws, including additions to tax, penalties, and statutory interest. See Urbano v. Commissioner, 122 T.C. 384, 392-393 (2004); Katz v. Commissioner, 115 T.C. 329, 339 (2000); Watchman v. Commissioner, T.C. Memo. 2012-113.

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection and shall take into account: (1) whether the requirements of applicable law and administrative procedure have been met; (2) any issues the taxpayer raised; and (3) whether the collection action balances the need for efficient collection of tax with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(3). Once the Appeals Office has issued a notice of determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek review in the Tax Court.

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Goza v. Commissioner, 114 T.C. 176, 181-

**[\*12]** 182 (2000). However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). In reviewing for abuse of discretion under section 6330(d)(1), generally we consider only arguments, issues, and other matters that were raised at the section 6330 hearing or otherwise brought to the attention of Appeals. Magana v. Commissioner, 118 T.C. 488, 493 (2002); see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An abuse of discretion occurs when the Appeals officer's determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 308 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

II. Petitioner's Contentions

Petitioner argues that: (1) respondent abused his discretion because he did not give fair consideration to all of the financial information provided to him in attempts to establish an OIC, installment agreement, and abatement of the additions to tax; and (2) respondent abused his discretion by prematurely concluding the CDP hearing.[12] As discussed infra, petitioner has provided

---

[12]Petitioner also argues that respondent abused his discretion by not providing petitioner with an asset equity table and income-expense table. Petitioner does not

(continued...)

[*13] minimal support for her assertions and has failed to make any credible arguments; however, we do not sustain respondent's collection action with regard to the assessments of additions to tax under sections 6651(a)(3) and 6654.

III.  Additions to Tax

We review the Commissioner's determination of additions to tax de novo. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182.  The Commissioner has the burden of production with respect to a taxpayer's liability for any addition to tax.  Sec. 7491(c).  To meet that burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner has satisfied his initial burden, the burden then shifts to the taxpayer to produce evidence to show that the IRS determination is incorrect or that reasonable cause or good faith should excuse the addition to tax. Sec. 6651(a)(1), (2), and (3); see also Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

---

[12](...continued)
cite any authority for this assertion, nor have we found any law requiring respondent to unilaterally produce these documents.  Moreover, petitioner did not request either of these documents throughout the hearing.  Accordingly, we fail to see the merit in this argument.

**[*14]** A. <u>Section 6651(a)(1)</u>

Respondent asserts that petitioner is liable for section 6651(a)(1) additions to tax. Section 6651(a)(1) provides for additions to tax for failure to file any return on the date described therefor unless such failure is due to reasonable cause and not willful neglect. The parties stipulated that petitioner's 2006 and 2007 tax returns were timely filed. Moreover, section 6651(a)(1) additions to tax were not assessed, nor were they mentioned in the notice of intent to levy or the notice of determination.[13] For the foregoing reasons, we hold that section 6651(a)(1) addition to tax is not applicable in this case.

B. <u>Section 6651(a)(2) and (d)(1)</u>

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on the return on or before the date prescribed unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect. The addition to tax under section 6651(a)(2) applies only if an amount of tax is shown on a return. <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 208 (2006), <u>aff'd</u>, 521 F.3d 1289 (10th Cir. 2008). Section 6651(d)(1) increases the rate at which

---

[13]The sec. 6651(a)(1) additions to tax were first mentioned in respondent's brief.

**[*15]** additions to tax are imposed under section 6651(a)(2) from 0.5% to 1.0% after the expiration of the period prescribed under section 6651(d)(2).

Petitioner concedes that she did not pay the tax due shown on her 2006 and 2007 tax returns on or before the prescribed dates. Therefore, respondent satisfied his burden of production with respect to the section 6651(a)(2) and (d)(1) additions to tax.

Petitioner has failed to show reasonable cause for her failure to pay the tax due. A failure to pay will be considered due to reasonable cause if the taxpayer makes a satisfactory showing that she exercised ordinary business care and prudence in providing for payment of her tax liability but nevertheless either was unable to pay the tax or would suffer undue hardship if she paid on the due date. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Petitioner asserts that she is a single mother living in New York in tough economic times. Without more, this assertion is insufficient to support a finding that petitioner was unable to pay the 2006 or 2007 tax or that paying the tax would have caused economic hardship. Consequently, petitioner has not met her burden of persuasion, and respondent' s determinations are sustained with regard to the section 6651(a)(2) and (d)(1) additions to tax.

**[\*16]** C.  Section 6651(a)(3)

Section 6651(a)(3) imposes an addition to tax for failure to pay any amount not shown but required to be shown on a return (including an assessment made pursuant to section 6213(b)) within 21 days of notice and demand.  According to the account transcripts, petitioner reported tax due of $10,744 and $13,143 on her 2006 and 2007 tax returns, respectively.  There is no indication in the record that petitioner was required to report any additional tax on either return.  Therefore, respondent has not met his burden of production with regard to the section 6651(a)(3) additions to tax.  Accordingly, we do not sustain respondent's collection action with respect to the section 6651(a)(3) additions to tax.

D.  Section 6654

Section 6654(a) imposes an addition to tax for underpayment of estimated income tax by an individual taxpayer.  The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability.  Sec. 6654(c)(1).  The total required annual payment is generally equal to the lesser of 90% of the tax shown for the subject taxable year or 100% of the tax shown on the taxpayer's return for the preceding year.  Sec. 6654(d)(1)(B)(I) and (ii).  Furthermore, the section 6654 addition to tax is not applicable if the individual's tax for the preceding taxable year was zero.  Sec. 6654(e)(2).

**[*17]** In order to satisfy his burden of production, respondent, at a minimum, must establish that petitioner was required to make an annual payment. See secs. 7491(c), 6654(d)(1)(B); Wheeler v. Commissioner, 127 T.C. at 211. Respondent introduced evidence that petitioner had income tax liabilities of $10,744 and $13,143 for 2006 and 2007, respectively. This evidence is sufficient to permit this Court to make the analysis required by section 6654(d)(1)(B)(I) for both 2006 and 2007.

However, in order to permit this Court to make the analysis required by section 6654(d)(1)(B)(ii) and to conclude that respondent has met his burden of producing evidence that petitioner had a required annual payment for 2006, respondent also had to introduce evidence showing the amount of tax due for the 2005 tax year. See Wheeler v. Commissioner, 127 T.C. at 212. Respondent did not do so. Accordingly, respondent has not met his burden of production for the section 6654 addition to tax for the 2006 tax year. Conversely, because respondent introduced evidence of petitioner's 2006 and 2007 tax liabilities, respondent has met his burden of production with regard to the section 6654 addition to tax for petitioner's 2007 tax year.

Notwithstanding our findings with regard to the burden of production, we do not sustain respondent's collection action with regard to the section 6654

[*18] additions to tax for 2006 and 2007 because respondent failed to provide petitioner with adequate notice of the section 6654 assessments.

A clear record of relevant transactions is very important in a section 6330 court proceeding. See Wright v. Commissioner, 381 F.3d 41 (2d Cir. 2004), vacating and remanding T.C. Memo. 2002-312; Barnes v. Commissioner, T.C. Memo. 2010-30. Many documents in the stipulated record of petitioner's account are full of abbreviations, alphanumeric codes, dates, and digits that are indecipherable and unintelligible without additional explanation.

The notice of intent to levy states that "penalties" were assessed for late payment under section 6651(a)(2) and (3) and (d)(1)--it does not mention any additions to tax under section 6654. The notice of determination states that respondent assessed "penalty and interest" for the 2006 and 2007 tax years. The only document in the record ostensibly indicating the assessment of section 6654 additions to tax is referenced in the account transcripts as a "penalty for not prepaying tax", which was not provided to petitioner until after she petitioned this Court. Consequently, it appears that petitioner was not afforded the opportunity to dispute the assessment of the section 6654 additions to tax throughout the entire CDP hearing.

**[\*19]** Furthermore, petitioner bears the burden of persuading us that respondent's determination of an addition to tax is incorrect. See Higbee v. Commissioner, 116 T.C. at 447. We do not believe petitioner was afforded the opportunity to do so in the circumstances before us. Petitioner was put on notice of the assessments of additions to tax under section 6651(a)(2) and (3) and (d)(1) in the notice of intent to levy. After she filed her petition, respondent provided petitioner with her account transcript that would presumably provide information about respondent's assessments of additions to tax listed in the notice of intent to levy. Instead, the account transcript arguably made things worse--it is littered with numeric codes with no corresponding explanation, refers to a multitude of account transactions, and does not provide statutory support for any of the assessments. The only mention of section 6654 was in respondent's brief--merely asserting that petitioner "failed to offer any evidence of reasonable cause for the abatement of * * * [section] 6654 penalties for the tax years 2006 and 2007."[14]

In these circumstances, we hold that respondent failed to provide petitioner with adequate notice of the section 6654 additions to tax. Accordingly, we do not

_____

[14]Respondent also appears to have had difficulty deciphering the record--he implies in his brief that "penalties" were assessed under secs. 6651(a)(1) and 6654. As discussed supra, sec. 6651(a)(1) is not relevant in this proceeding.

**[*20]** sustain respondent's collection action for the 2006 and 2007 section 6654 additions to tax.

IV.  The OIC

Section 7122(a) authorizes the Secretary to compromise any civil or criminal case arising under the internal revenue laws.  Regulations implementing section 7122 set forth three grounds for the compromise of a liability:  (1) doubt as to liability; (2) doubt as to collectibility; and (3) promotion of effective tax administration.  Sec. 301.7122-1(b), Proced. & Admin. Regs.  Doubt as to liability is not at issue in this case.

Doubt as to collectibility exists in any case where the taxpayer's assets and income are less than the full amount of the liability.  Sec. 301.7122-1(b)(2), Proced. & Admin. Regs.  Generally, under the Secretary's administrative pronouncements, an offer to compromise based on doubt as to collectibility will be acceptable only if the offer reflects the reasonable collection potential of the case (i.e., that amount, less than the full liability, that the IRS could collect through means such as administrative and judicial collection remedies).  Rev. Proc.   2003-71, sec. 4.02(2), 2003-2 C.B. 517, 517.

Where, because the reasonable collection potential of the case exceeds the taxpayer's liability, doubt as to collectibility is not a ground for compromise, the

[*21] Secretary may enter into a compromise on the ground of effective tax administration. Sec. 301.7122-1(b)(3), Proced. & Admin. Regs. Before the Secretary will enter into a compromise on the ground of effective tax administration, the taxpayer must show, among other things, that collection in full would cause him economic hardship or, if he cannot, that compelling public policy or equity considerations justify such a compromise. Id.

We do not conduct an independent review of what would be an acceptable OIC. Murphy v. Commissioner, 125 T.C. at 320 (citing Fowler v. Commissioner, T.C. Memo. 2004-163). The extent of our review is to determine whether the Appeals officer's decision to reject the OIC actually submitted by the taxpayer was arbitrary, capricious, or without sound basis in fact or law. Skrizowski v. Commissioner, T.C. Memo. 2004-229; Fowler v. Commissioner, T.C. Memo. 2004-163.

Petitioner requested her OIC based on doubt as to collectibility and effective tax administration and asserts respondent abused his discretion by failing to give fair consideration to all of the financial information she provided. However, petitioner does not point to anything in the record to support her assertion that respondent failed to consider any financial information. Conversely, the record is replete with instances in which the Appeals officer and the settlement officer made

**[*22]** calculations on the basis of documentation petitioner provided.  Moreover, both the Appeals officer and the settlement officer made additional calculations on the basis of assumptions favorable to petitioner but still concluded that petitioner's OIC should be rejected.

In the May 17, 2010, cover letter petitioner suggests that her 2010 pay stub for the period ending May 1, 2010, should be used to calculate her gross monthly wages, rather than her 2009 Form W-2.  Petitioner supports her argument by stating that she understands that there have been some layoffs at Verizon due to the poor economy.  The settlement officer determined that the 2009 Form W-2 provided a better indication of petitioner's gross monthly income than the partial- year pay stub.  Petitioner's  "understanding" that there had been layoffs at Verizon is insufficient to support a finding that the settlement officer abused his discretion in calculating petitioner's gross monthly income.

Petitioner offered $1,000 in compromise of the tax liability.  Moreover, petitioner's reasonable collection potential was determined to be $124,935--well in excess of the tax liability.  The $1,000 OIC does not reflect the reasonable collection potential.  Moreover, doubt as to collectibility is not grounds for a compromise because the reasonable collection potential exceeds the tax liability.

**[*23]** Furthermore, the settlement officer determined that collection in full would not cause economic hardship that would justify a compromise on the basis of effective tax administration. Petitioner argues that she is a single mother living in New York in tough economic times. The settlement officer took note of this in the record, but after making numerous calculations, determined that collection in full would not cause economic hardship. He determined that petitioner's net monthly income was $1,718 and offered an installment agreement requiring monthly payments of $1,000 for five years. The settlement officer's calculations were reasonable. Accordingly, we conclude that respondent did not abuse his discretion in rejecting petitioner's OIC.

V.  Installment Agreement

Section 6159(a) gives the Secretary discretionary authority "to enter into written agreements with any taxpayer under which such taxpayer is allowed to make payment on any tax in installment payments if the Secretary determines that such agreement will facilitate full or partial collection of such liability." The Commissioner has the discretion to accept or reject any proposed installment agreement. See sec. 301.6159-1(c)(1)(I), Proced. & Admin. Regs. We review the Commissioner's rejection of an installment agreement for abuse of discretion. See Orum v. Commissioner, 123 T.C. 1, 12-13 (2004), aff'd, 412 F.3d 819 (7th Cir.

[*24] 2005).  We do not conduct an independent review of what would be an acceptable collection alternative, nor do we substitute our judgment for that of the Appeals Office.  See Murphy v. Commissioner, 125 T.C. at 320; McCall v. Commissioner, T.C. Memo. 2009-75.

After deciding to reject petitioner's OIC, the settlement officer offered an installment agreement requiring $1,000 monthly payments for five years.  He determined that petitioner could make $1,000 monthly payments because he calculated her net monthly income to be $1,718.  Instead of attempting to further negotiate or offer an installment agreement of her own, Ms. Ascher merely left a voice message with the settlement officer demanding the abatement of additions to tax and stating that his expense calculations need to be adjusted for two people.  She made no further attempt to contact the settlement officer, nor did she offer any new information supporting her assertions.  The settlement officer recalculated petitioner's income-expense table and asset equity table and again found that his original installment agreement was appropriate.  Accordingly, we conclude that respondent did not abuse his discretion with regard to the proposed installment agreement.

[*25] VI.  <u>The Determination To Conclude the CDP Hearing</u>

Petitioner argues that the settlement officer prematurely closed the CDP hearing by failing to return Ms. Ascher's May 20, 2010, phone message when Ms. Ascher was trying to establish a collection alternative and the abatement of additions to tax.  We note that there is no requirement that the Appeals Office wait a certain amount of time before issuing a notice of determination.  <u>Clawson v. Commissioner</u>, T.C. Memo. 2004-106 (no abuse of discretion where fewer than three months had passed between the taxpayer's filing a CDP hearing request and an adverse determination by the Appeals officer).  To the contrary, the Appeals Office shall "attempt to conduct a * * * [section 6330] hearing and issue a Notice of Determination as expeditiously as possible under the circumstances."  Sec. 301.6330-1(e)(3), Q&A-E9, Proced. & Admin. Regs.

We again note that Ms. Ascher's voicemail was not an attempt to establish a collection alternative or the abatement of additions to tax--she merely reiterated assertions included in her May 17, 2010, cover letter.  She did not offer an installment agreement of her own, nor did she make another attempt to contact the settlement officer after leaving a voice message.

The Appeals Office issued the notice of determination approximately 13 months after petitioner filed her CDP request--one year longer than the period

**[*26]** upheld in <u>Clawson</u>. In the interim, the Appeals officer and the settlement officer corresponded with petitioner and considered evidence and arguments she submitted. If Ms. Ascher was genuinely trying to negotiate a collection alternative, she would not have responded to an offer for an installment agreement by reiterating prior assertions in a voice message and then waiting for a response. Accordingly, the record does not reflect that respondent issued the notice of determination prematurely.

VII. <u>Conclusion</u>

We conclude that the settlement officer did not abuse his discretion, and we sustain respondent's collection action, with regard to the 2006 and 2007 income tax liabilities and the section 6651(a)(2) and (d)(1) additions to tax. However, we do not sustain respondent's collection action for the 2006 and 2007 section 6651(a)(1) and (3) and section 6654 additions to tax.

**[*27]**  In reaching our holding herein, we have considered all arguments made by the parties, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent regarding the income tax liabilities and section 6651(a)(2) and (d)(1) additions to tax and for petitioner regarding the sections 6651(a)(1) and (3) and 6654 additions to tax.