T.C. Memo. 2014-180

UNITED STATES TAX COURT

JERRY WAYNE GREEN AND RAMONA KAYE GREEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26494-12L.                     Filed September 2, 2014.

Jerry Wayne Green and Ramona Kaye Green, pro sese.

<u>John R. Bampfield</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This proceeding was commenced in response to a Notice
of Determination Concerning Collection Action(s) Under Section 6320 and/or
6330 with respect to petitioners' Federal income tax liabilities for 2008, 2009, and
2010.  The issue for decision is whether the settlement officer abused his

[*2] discretion in sustaining the lien filings. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

FINDINGS OF FACT

Material facts are contained in the administrative record of the exchanges between petitioners and the Internal Revenue Service (IRS) Office of Appeals (Appeals Office). That record has been stipulated. The stipulated facts are incorporated in this opinion by this reference. Petitioners resided in Arkansas at the time they filed their petition.

Jerry Wayne Green (petitioner) owed Federal income tax assessed for 2008, and petitioners owed Federal income tax assessed for 2009 and 2010. The IRS had placed these three tax years in currently not collectible status. Nevertheless, on May 22, 2012, the IRS sent to petitioners two Letters 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, with respect to these years. In response to the lien notices, petitioners filed Form 12153, Request for a Collection Due Process or Equivalent Hearing (section 6320 hearing request), dated June 2012. In their section 6320 hearing request, petitioners indicated, among other things, that they could not pay the tax balance due, they wanted an offer-in-compromise, and they wanted a subordination, discharge, or withdrawal with respect to the liens. Petitioners explained that they "cannot

**[*3]** borrow money or refinance mortgage to pay as lien is on property", and asked for the liens to be removed on their home as they "only have [Social Security] income to live on and no job prospects".

The Appeals Office settlement officer assigned to petitioners' case determined that petitioners did not meet lien withdrawal criteria because they had been warned of the lien filings through previous notices. The settlement officer sent to petitioners a letter dated September 26, 2012, scheduling a telephone conference for October 15, 2012. This conference would be the primary opportunity of the section 6320 hearing for petitioners to explain why they disagree with the collection action and to discuss possible collection alternatives. One paragraph of the letter read:

> You have stated that you would like a lien subordination or discharge, to possibly take out a home equity loan or to refinance your mortgage. You may access Publications 783 and 784 on our website www.irs.gov, which explains how to apply for both. You have also stated that you would like the lien withdrawn. A lien may be filed at any time to secure the government's interest against other creditors. You have also had past warnings of a lien being filed. The lien was appropriately filed.

Additionally, the letter requested that petitioners complete and return, within 14 days, the enclosed Form 433-A, Collection Information Statement for Wage

**[\*4]** Earners and Self-Employed Individuals, and Form 656, Offer in Compromise, with all applicable fees and schedules.

The telephone conference took place on October 15, 2012, between the settlement officer and petitioner. When asked, petitioner stated that he had not accessed IRS Publications 783, Certificate of Discharge From Federal Tax Lien, and 784, Certificate of Subordination of Federal Tax Lien. Petitioners did not provide Form 433-A, Form 656, or any other information with respect to the issues they raised in their section 6320 hearing request. Petitioner stated that he had negative monthly disposable income but equity in his home and that he would try to borrow money from his family to have the liens withdrawn. The settlement officer concluded the conference by advising petitioner of his determination to sustain the filing of the liens.

The settlement officer verified that the requirements of all applicable laws and administrative procedures had been met. On October 18, 2012, the Appeals Office sent to each petitioner a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 sustaining the lien filings.

Petitioner's 2008 tax year liability was discharged in bankruptcy, and the Federal tax lien for that year has been released. The petition will be dismissed for mootness insofar as it relates to 2008.

**[*5]** OPINION

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer who is liable for taxes after a demand for payment of the taxes has been made and the taxpayer fails to pay. The lien arises when the assessment is made. See sec. 6322. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. See sec. 6323. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter.

The section 6320 hearing generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g). Sec. 6320(c). At the hearing, a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action and possible collection alternatives. Sec. 6330(c)(2)(A). A taxpayer is expected to provide all relevant information requested by the Appeals Office for its consideration of the facts and issues involved in the hearing. See sec. 301.6320-1(e)(1), Proced. & Admin. Regs.

Where there is no dispute as to the underlying liabilities, we review the actions of the Appeals Office for abuse of discretion. See Swanson v. Commissioner, 121 T.C. 111, 119 (2003). Abuse of discretion may be found if an

[*6] action is arbitrary, capricious, or without sound basis in fact or law.  Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  We do not consider issues that were not properly raised in the section 6320 hearing.  See Giamelli v. Commissioner, 129 T.C. at 113.

Petitioners have not disputed their underlying tax liability or that the Appeals Office performed the necessary verification under section 6330(c)(1).  Instead, petitioners chiefly contend that they want to refinance or to sell their house to pay their outstanding tax liabilities but cannot do so because of the remaining Federal tax lien.  Petitioners argue that the IRS' refusal to withdraw the notice of Federal tax lien or to subordinate the lien or to discharge the subject property will result in a windfall for the Government, as penalties and interest will accumulate against petitioners, who have no other way of currently paying their tax liabilities.

In drafting the notice of determination, the settlement officer did not address petitioners' core issue regarding the lien.  However, the record indicates that the settlement officer did consider lien relief measures and discussed steps for petitioners to take to apply for such relief.  Petitioners did not follow the settlement officer's advice, did not provide any requested information to the settlement officer, and did not establish the appropriateness of a withdrawal of the

**[\*7]** notice of tax lien or a subordination of the lien or a discharge of the property subject to the lien.

When a Federal tax lien is in place, the IRS is permitted to withdraw the notice of Federal tax lien under four situations, including where "the withdrawal of such notice will facilitate the collection of the tax liability" or "the withdrawal of such notice would be in the best interests of the taxpayer * * * and the United States." Sec. 6323(j). The IRS may also subordinate a tax lien on specific property by issuing a certificate of subordination. Sec. 6325(d). Somewhat similarly, the IRS may also issue a certificate of discharge of any part of a property subject to a Federal tax lien and without full payment being required. Sec. 6325(b)(1)-(3).

All three of these lien relief measures, as expressed in statutes and regulations, are permissive, and the IRS is not generally required to withdraw, subordinate, or discharge even if the conditions of a measure are fully met. See, e.g., Taggart v. Commissioner, T.C. Memo. 2013-113, at *16-*17 ("Section 6323(j) uses discretionary, not mandatory, language, and respondent is not required to withdraw the lien even for one of the reasons stated in section 6323(j)."); sec. 301.6325-1(b)(1), Proced. & Admin. Regs. (providing that an appropriate official may, in her or his discretion, issue a certificate of discharge of

**[*8]** any part of a subject property under certain circumstances); sec. 301.6325-1(d)(1), Proced. & Admin. Regs. (providing that an appropriate official may, in her or his discretion, issue a certificate of subordination of a lien under certain circumstances). Accordingly, we cannot conclude that the settlement officer abused his discretion with regard to these permissive lien relief measures, especially in the light of petitioners' failure to take the necessary steps to apply for such measures and to provide relevant information during the section 6320 hearing.

In reaching our decision, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>The petition will be dismissed as moot as to 2008, and decision will be entered for respondent with respect to petitioners' 2009 and 2010 tax years</u>.