T.C. Summary Opinion 2018-19

UNITED STATES TAX COURT

MICHELLE M. MORENO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15956-17S L.                    Filed April 5, 2018.

Michelle M. Moreno, pro se.

<u>Erin K. Neugebauer</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  This case was brought pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The issue before the Court is whether to grant respondent's motion for summary judgment (motion) pursuant to Rule 121. Respondent contends that no genuine dispute exists as to any material fact and that his determination to collect petitioner's unpaid tax liabilities for 2011, 2013, 2014, and 2015 by levy should be upheld. Petitioner has not responded to the motion despite an order from this Court dated January 9, 2018, instructing her to do so.[2]

## Background

Petitioner resided in Pennsylvania when she filed her petition.

On January 24, 2017, the Commissioner sent petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing for her unpaid income tax liabilities for 2011, 2013, 2014, and 2015. Petitioner timely submitted a request for a collection due process (CDP) hearing, in which she sought an offer-in-compromise. In her request she also stated that she wanted to "settle some of these penalties and make affordable to get equity out of home to pay off" and that

---

[2]Because petitioner failed to respond to respondent's motion, the Court could enter a decision against her for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits.

she wanted to "clear up" a $900 penalty. The $900 penalty was a late filing addition to tax for 2011 that the Commissioner abated on September 17, 2012.

On April 14, 2017, a settlement officer (SO) from the Internal Revenue Service Office of Appeals sent petitioner a letter acknowledging receipt of her request for a CDP hearing and scheduling a telephone conference call to conduct the CDP hearing for May 11, 2017. In the letter, the SO asked petitioner to submit within 14 days: (1) a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; (2) proof of current tax payment compliance for the year to date; and (3) a written explanation as to why petitioner would be eligible for penalty abatement, and any substantiation that she may want the SO to consider.

Petitioner did not submit the requested information to the SO. Petitioner did not call the SO for the scheduled CDP hearing. On May 12, 2017, the SO sent petitioner a "last chance" letter, in which she offered petitioner an additional 14 days to submit the requested documents.

On June 5, 2017, the SO received from petitioner a completed but unsigned Form 433-A. On June 7, 2017, the SO called petitioner and advised her that the Form 433-A required a signature and told her that she needed to submit the signed

Form 433-A by June 9, 2017.[3] Petitioner failed to submit the signed Form 433-A. The SO discovered that petitioner was not in current payment compliance. On June 28, 2017, the SO sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy action. Petitioner timely filed a petition with this Court, in which she: (1) claimed that she provided the information requested by the SO; (2) disagreed with the $900 late filing addition to tax for 2011 that the Commissioner abated on September 17, 2012; and (3) claimed that she could not afford to pay the liabilities.

## Discussion

A. Summary Judgment

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate

---

[3]After their conversation, the SO sent petitioner the signature page via facsimile. The cover sheet erroneously listed the "Response Date" as September 20, 2017, but in the "COMMENTS" section the SO asked that the signature page be returned by June 9, 2017.

that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In deciding whether to grant summary judgment, we view the evidence in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000).

Petitioner failed to respond to respondent's motion as ordered by this Court and has failed to demonstrate that there is a genuine dispute for trial. Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

B. Standard of Review

Where the validity of a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's

underlying liability is not properly at issue, we review the Office of Appeals'
determination for abuse of discretion only. Hoyle v. Commissioner, 131 T.C. 197,
200 (2008); Goza v. Commissioner, 114 T.C. at 182. A determination is an abuse
of discretion if it is arbitrary, capricious, or without sound basis in fact or law.
Murphy v. Commissioner, 125 T.C. 301, 308, 320 (2005), aff'd, 469 F.3d 27 (1st
Cir. 2006).

The only challenge that petitioner seems to raise to her underlying liabilities
concerns the $900 late filing addition to tax for 2011. The $900 addition to tax
was abated on September 17, 2012, before petitioner filed her request for a CDP
hearing and her petition. Thus, we need not determine whether the underlying
liabilities are properly at issue. Accordingly, we will review respondent's
determination for abuse of discretion only.

C. Analysis

The determination of the Office of Appeals must take into consideration:
(1) the verification that the requirements of applicable law and administrative
procedure have been met; (2) issues raised by the taxpayer; and (3) whether any
proposed collection action balances the need for the efficient collection of taxes
with the legitimate concern of the person that any collection action be no more
intrusive than necessary. Sec. 6330(c)(3); see also Lunsford v. Commissioner, 117

T.C. 183, 184 (2001). Our review of the record establishes that the SO properly considered all of these factors when making her determination.

In the petition, petitioner disagrees with the SO's determination because she contends that she provided the information that the SO requested and that she cannot afford to pay the outstanding liabilities. When the Office of Appeals gives the taxpayer a specific timeframe to submit requested items, it is not an abuse of discretion to move ahead if the taxpayer fails to submit the requested items. Pough v. Commissioner, 135 T.C. 344, 351 (2010); Glossop v. Commissioner, T.C. Memo. 2013-208, at *17. Further, an SO is not required to negotiate indefinitely or wait any specific time before issuing a determination. Kuretski v. Commissioner, T.C. Memo. 2012-262, at *11, aff'd, 755 F.3d 929 (D.C. Cir. 2014).

Petitioner did not provide the information that the SO requested. She was given two separate deadlines to provide the signed Form 433-A but neglected to do so. The SO was not required to indefinitely wait for petitioner to provide the Form 433-A. Accordingly, it was not an abuse of discretion to conclude the CDP hearing before receiving a signed Form 433-A from petitioner.

Additionally, petitioner was not in current compliance with her tax payment obligations. Typically, current compliance with the revenue laws is a prerequisite

to being eligible for a collection alternative.  See Cox v. Commissioner, 126 T.C. 237, 257 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008); Hennessey Manor Nursing Home, Inc. v. Commissioner, T.C. Memo. 2017-97, at *12.  Therefore, it was not an abuse of discretion for the SO to reject a collection alternative because of petitioner's current lack of compliance with her tax payment obligations.  See Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007).

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection action.  In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

An appropriate order and

decision will be entered.